UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

LILLIAN TELLEZ,

Petitioner,

v.

RUBEN LEYVA, Field Office Director of Enforcement and Removal Operations, Salt Lake City Immigration and Customs Enforcement Field Office; KENNETH PORTER, Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; MIKE HOLLINSHEAD, Sheriff of Elmore County,

Respondents.

Case No. 1:26-cv-00297-BLW

**ORDER**

Pending before the Court is Petitioner Lillian Tellez's Petition for Habeas Relief Under 28 U.S.C. § 2241 (Dkt. 1). Petitioner is a Columbian national who has resided in the United States since March 2022. Upon her arrival, she was detained at the border and eventually released in the United States. She filed an asylum application, which remains pending. She is now detained at the Elmore County Detention Center in Mountain Home, Idaho, though it is unclear when she was arrested. Petitioner contends her detention is unlawful because the Department of Homeland Security (DHS) and the Executive Office of Immigration Review (EOIR) have determined she is

subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A) (*id.* at ¶¶ 2, 5). Petitioner has also filed a Motion for Temporary Restraining Order (Dkt. 2).

Having considered the petition, the Court finds Petitioner may be entitled to relief. The Court will therefore order Respondents to respond to the petition in accordance with the instructions set forth below. *See Danforth v. Minnesota*, 552 U.S. 264, 278 (2008) (court may adjust habeas procedures based on "equitable and prudential considerations").

All district judges in the District of Idaho have explained their disagreement with DHS's interpretation of § 1225. The District's collective analysis is consistent with the majority of courts throughout the Country. The Court does not intend to alter its analysis unless or until a binding court orders otherwise. Thus, the Court anticipates granting the Petition and releasing Petitioner. However, the Court maintains that justice is best served by allowing the Government an opportunity to respond and explain why this case should result in a different outcome. Again, however, the Court does not need extensive briefing on the interplay between § 1225 and § 1226. It knows the parties' positions. Thus, a statement or summary paragraph on that matter will suffice. The parties should, instead, focus their briefs on the specific facts of this case.

**ORDER**

**IT IS ORDERED that:**

1. Respondents shall file a response to the Petition for Writ of Habeas Corpus (Dkt. 1) and to Petitioner's Motion for Temporary Restraining Order (Dkt. 2) no later than **May 18, 2026**.

2. Petitioner shall have an opportunity to file a reply no later than **May 19, 2026**.

3. Service of the Petition and this Order shall be made by Petitioner on the United States Attorney for the District of Idaho by **May 15, 2026**, and shall constitute good and sufficient service.

4. To further expedite adjudication of this matter, the Clerk of Court is directed to promptly provide a copy of the Petition and this Order to the Justin D. Whatcott and Christine England with the United States Attorney's Office for the District of Idaho via email at USAID.HabeasPetitions@usdoj.gov.. The Clerk shall also serve a copy of the Petition, Motion for Temporary Restraining Order, and this Order upon Respondents by certified mail.

5. To preserve the status quo, and pursuant to the All Writs Act, 28 U.S.C. § 1651, Petitioner may not be removed from the United States or the District of Idaho until further order of this Court.

6. To further preserve the status quo, and protect the Petitioner's right to continued access to counsel, during the briefing and hearing process and until the Court can issue a decision, Respondents may not engage in activities or communications with the Petitioner in an effort to secure the abandonment of his rights in this action or regarding his rights in removal proceedings, without the presence of counsel.

DATED: May 14, 2026

B. Lynn Winmill
U.S. District Court Judge