UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LILLIAN TELLEZ,<br><br>       Petitioner,<br><br>v.<br><br>RUBEN LEYVA, Field Office Director of Enforcement and Removal Operations, Salt Lake City Immigration and Customs Enforcement Field Office; KENNETH PORTER, Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; MIKE HOLLINSHEAD, Sheriff of Elmore County,<br><br>       Respondents. | Case No. 1:26-cv-00297-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Lillian Tellez (Dkt. 1). For the reasons described below, the Court grants the Petition. Respondents must immediately release Petitioner.

ORDER – 1

## BACKGROUND

Petitioner Tellez is a Columbian national who has resided in the United States since March 2022. Upon her arrival, she was detained at the border and eventually released in the United States. She filed an asylum application, which remains pending. She is now detained at the Elmore County Detention Center in Mountain Home, Idaho, though it is unclear when she was arrested. Petitioner contends her detention is unlawful because the Department of Homeland Security (DHS) and the Executive Office of Immigration Review (EOIR) have determined she is subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A). Petitioner has also filed a Motion for Temporary Restraining Order (Dkt. 2).

## LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). Throughout our nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Id.* (quotation omitted).

## ANALYSIS

This Petition presents a statutory issue resolved by this Court dozens of

ORDER – 2

times in the last six months. The deluge of cases stems from a policy shift by the

Department of Homeland Security (DHS) and Executive Office of Immigration

Review (EOIR) regarding the application of 8 U.S.C. § 1225, which mandates the

detention of a limited class of immigrant detainees without the chance for a bond

hearing. *See Moctezuma Macias v. Henkey*, No. 1:25-cv-00741, 2026 WL 221450,

at *1-2 (D. Idaho Jan. 27, 2026); *see also, e.g.*, *Cordero Esparza v, Knight*, 1:25-

cv-00601-BLW, 2025 WL 3228282 (D. Idaho Nov. 19, 2025).

There is no need to reanalyze the question. As the Court explained recently:

Historically, noncitizens potentially subject to immigration detention could be detained under two possible statutes. Section 1225 applied to noncitizens "seeking admission into the country"— those apprehended at or near the border—and did not allow for a bond hearing. But noncitizens already established in the United States were detained under 8 U.S.C. § 1226, which provides for discretionary detention with bond hearings to allow the release of detainees who do not pose a danger to the community or flight risk. *See Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017). This statutory scheme reflects a longstanding distinction between noncitizens who reside in the United States and those who have not yet entered. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

In July 2025, DHS attempted to eliminate this distinction. On July 8, 2025, ICE issued "Interim Guidance Regarding Detention Authority for Applicants for Admission," instructing that all persons who entered without inspection be subject to mandatory detention under § 1225(b)(2)(A), regardless of when they were apprehended or how long they have resided in the United States. On September 5, 2025, the Board of Immigration Appeals (BIA) issued a precedential decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), holding that immigration judges lack authority to conduct bond hearings for individuals who entered without admission, as they are deemed "applicants for admission" subject to mandatory detention

**ORDER – 3**

under § 1225(b)(2)(A). Since then, district courts across the country have found that this interpretation violates the Immigration and Nationality Act and the constitutional due process rights of detained immigrants. *Alvarez Ortiz v. Freden*, No. 25-CV-960, 2025 WL 3085032, at *10 (W.D.N.Y. Nov. 4, 2025); *Guerrero Orellana v. Moniz*, No. 25-cv-12664, 2025 WL 2809996 (D. Mass. Oct. 3, 2025).

This Court has considered many substantively identical habeas petitions in recent months and has repeatedly rejected Respondents' reading of § 1225. Respondents have not offered any new arguments here, and there is no need here to restate the Court's reasoning, which is laid out at length in cases such as *Quijada Cordoba v. Knight*, 1:25-cv-00605, 2025 WL 3228945 (D. Idaho Nov. 19, 2025). The Court again finds that Petitioner's mandatory detention under § 1225 is unlawful.

*Moctezuma Macias*, 2026 WL 221450, at *1.

This Court's previous cases definitively answer the legal issue. The only remaining question is the appropriate remedy. A district court has equitable discretion, "as law and justice require," for remedying unlawful detention in a habeas petition pursuant to § 2254. *See Brown v. Davenport*, 596 U.S. 118, 127-28 (2022). Despite this discretion, however, relief "should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court." *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 680 (9th Cir. 2021) (cleaned up). Thus, relief "must be narrowly tailored to remedy the specific harm shown." *Id.*

Under other circumstances, a bond hearing might be sufficient to rectify the violation of Petitioner's unlawful detention. *See E.C. v. Noem*, No. 2:25-cv-01789,

ORDER – 4

2025 WL 2916264, at *12 (D. Nev. Oct. 14, 2025); *see also Hernandez-Lara v. Lyons*, 10 F.4th 19, 45-46 (1st Cir. 2021). Here, however, Petitioner's lack of criminal history, relatively long residence in the United States, and pending asylum hearing all support her immediate release. In recent months, courts across the country have ordered the release of detainees in similar situations. *E.g., Lepe*, 2025 WL 2716910, at *10; *J.U. v. Maldonado*, No. 25-cv-4836, 2025 WL 2772765, at *10 (E.D.N.Y. Sept. 29, 2025); *Rosado v. Figueroa*, No. 25-cv-2157, 2025 WL 2337099, at *19 (D. Ariz. Aug. 11, 2025); *Pinchi v. Noem*, No. 25-cv-05632, 2025 WL 1853763, at *4 (N.D. Cal. July 4, 2025). As one court explained, "[w]ithout a legitimate interest in her detention, immediate release appropriately remedies Respondents' violation of [Petitioner's] due process rights through her continued detention." *Santiago v. Noem*, No. EP-25-CV-361, 2025 WL 2792588, at *13-14 (W.D. Tex. Oct. 2, 2025). The same is true here.

Respondents' refusal to abandon their unlawful policy also plays into the Court's analysis. This Court's orders are binding only on the individual habeas petitioner, meaning that Respondents will presumably continue to enforce their interpretation of § 1225 on immigrant detainees until the Ninth Circuit issues a binding ruling. Detainees will continue to file nearly identical habeas petitions then sit in jail waiting for a judicial decision. This in itself represents a substantial deprivation of liberty, and ordering a bond hearing instead of release would further

ORDER – 5

exacerbate this delay. Such an approach is not justifiable for an individual who is not a flight risk or danger to the community.

## ORDER

**THEREFORE, IT IS HEREBY ORDERED** that

1. Petitioner's Petition for a Writ of Habeas Corpus (Dkt. 1) is **GRANTED**. Respondents must immediately release Petitioner.

2. Petitioner's Motion for a Temporary Restraining Order (Dkt. 2) is **DENIED AS MOOT**.

DATED: May 20, 2026

B. Lynn Winmill
U.S. District Court Judge

ORDER – 6